UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEYLA MARISOL MAZARIEGOS
MORALES,

   *Petitioner,*

v.          Case No. 3:26-cv-508-JEP-MCR

TODD BLANCHE,[1] et al.,

   *Respondents.*
_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, immediate release from custody. (Docs. 1, 7). Petitioner alleges that: she is a citizen of Guatemala who entered the United States on about June 30, 2019, as an unaccompanied alien child ("UAC"); upon entry, she was detained by ICE but then released to an adult family member; she filed an application for asylum that remains pending; the Department of Homeland Security ("DHS") issued her work authorization; and on December 31, 2025, ICE re-detained her. (*See*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche and Garrett Ripa are automatically substituted for Pamela Bondi and Juan Agudelo, respectively.

Doc. 1 at 5). Petitioner contends that because she entered the United States as an UAC, she is categorically exempt from being placed in expedited removal proceedings and thus excluded from mandatory detention under 8 U.S.C. § 1225(b); and her detention without an individualized hearing violates her substantive and procedural due process rights under the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act ("INA"). (*Id.* at 12–14). At the heart of this case is Petitioner's contention that her detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Docs. 1, 10).

The Federal Respondents (Todd Blanche, Garrett Ripa, DHS, and Todd Lyons) filed a response, arguing that the Court lacks jurisdiction to entertain the petition, Petitioner failed to exhaust her administrative remedies,[2] and in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 9). Petitioner filed a reply countering the Federal Respondents' arguments and requesting the Court issue an injunction directing Petitioner be returned to the Middle District of Florida.[3] (Doc. 10).

---

[2] The Court need not address the exhaustion issue because the petition is due to be denied. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.").

[3] Because Petitioner was detained within the Middle District of Florida when she filed this case, this Court retains jurisdiction despite her transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas

In an order issued on January 26, 2026, this Court addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *see also Costa v. Noem*, No. 3:25-cv-1384-JEP-MCR, 2026 WL 456771, at *1 (M.D. Fla. Feb. 18, 2026). As did the petitioner in *Diaz Lopez*, Petitioner claims that her detention without an individualized bond hearing violates the INA and the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent that Petitioner's claims and arguments are the same as those addressed in *Diaz Lopez*, for the reasons

---

petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). Further, while Petitioner contends that her transfer violates "the spirit" of the Court's order directing a response to the petition, the Court's order did not enjoin Respondents from transferring Petitioner. While Petitioner requests injunctive relief in the Petition, she did not properly file a separate motion seeking such relief in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Thus, her transfer did not violate a Court order.

3

stated in that order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[4] Indeed, her status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to her detention: she is a noncitizen who has been living in the country for some time without having been admitted, and she has been detained for her removal proceedings. As such, for the reasons stated in *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and her claims under the INA and Due Process Clause fail. *See Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

---

[4] This Court has kept apprised of emerging federal court rulings on this issue, but in the absence of a ruling from the Supreme Court or the Eleventh Circuit, and for the reasons set forth in *Diaz Lopez*, 2026 WL 261938, at *7–12, this Court rejects Petitioner's interpretation of the INA. Moreover, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only two courts of appeals—the Fifth and Eighth Circuits—have squarely done so. And in their opinions, those courts of appeals gave the same answer that this Court did in *Diaz Lopez*. *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez*, 166 F.4th at 498–508; *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument). The undersigned deems highly persuasive the Fifth and Eighth Circuits' dispassionate, carefully reasoned, and thorough analyses, which the courts judiciously confined to the statutory text, structure, and context, without discussion of extraneous considerations. *See generally Avila v. Bondi*, 2026 WL 819258, at *1–6; *Buenrostro-Mendez*, 166 F.4th at 498–508.

Petitioner also claims that she cannot be detained under § 1225(b), because that section governs expedited removal proceedings and UACs are prohibited from being placed in expedited removal proceedings. (Doc. 1 at 12). But Petitioner is not in expedited removal proceedings, and contrary to Petitioner's contention, § 1225 does not only apply to those individuals in expedited removal proceedings. *See Diaz Lopez*, 2026 WL 261938, at *2–3 (discussing the three categories of "applicants for admission" who are subject to mandatory detention under § 1225(b), including those, like Petitioner, who have been placed in full removal proceedings but still subject to mandatory detention under § 1225(b)(2)(A)).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docs. 1, 7) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment denying the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 23, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

5

c:
Counsel of Record